IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHANIQUA APONTE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MONTGOMERY COUNTY | : | |
| HOUSING AUTHORITY, et al. | : | No. 15-4795 |

**MEMORANDUM**

Ditter, J.                                                                                                    May 19, 2016

Shaniqua Aponte has filed a *pro se* complaint against the Montgomery County Housing Authority ("MCHA") and Lynda Haley, MCHA's Director of Management and Administration. The MCHA and Lynda Haley have filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, I will dismiss Aponte's complaint with prejudice.

Defendants' motion to dismiss was filed on October 22, 2015. On February 11, 2016, I directed Aponte to file a response to Defendants' motion to dismiss within 30 days. As of this date, Aponte has not filed a response. Aponte's failure to respond after adequate notice of the need to respond as well as the consequences for failing to respond provide sufficient cause to grant the defendants' motion to dismiss. However, because Aponte is proceeding *pro se*, I will also review the merits of her complaint.

In her complaint, Aponte asserts that on or about June 25, 2013, she signed a lease for a residence at 328 West Walnut Street, Pottstown, Pennsylvania. *Compl.* at 6. As a participant in the Housing Choice Voucher Program ("HCVP"), Aponte was to pay $345 of

the $1295 rent while the MCHA was to pay the remainder of the rent.[1]  *Id.*  On July 6, 2013, Aponte complained to the landlord about necessary repairs.  *Id.*  Aponte alleges that when the landlord failed to fix the repairs, she complained to the housing authority and local code enforcement office.  *Id.*  The landlord's boyfriend subsequently went to the Walnut Street residence and threatened Aponte, resulting in Aponte filing a police report against the boyfriend.  *Id.*

In August 2013, Aponte filed a civil complaint in state court against the landlord for failed repairs.  *Compl.* at 6.  As of November 22, 2013, the landlord stopped receiving payments from the MCHA.  *Id.* at 6-7.  After a hearing was held state court on November 30, 2013, Aponte was ordered to pay all past rent due, including the rent not paid by the MCHA.  *Id.* at 7.  Aponte appealed this decision to the Montgomery County Court of Common Pleas.  *Id.*  The landlord filed an emergency petition of eviction.  *Id.*

After a hearing held on January 30, 2014, the landlord's petition for eviction was granted and Aponte was ordered to vacate the premises by February 15, 2014.  *Id.* at 7; *see* Defs' Mot. to Dismiss, at Ex. A.  After Aponte was approved to move to a new residence by the MCHA, Aponte moved out of the West Walnut Street property on February 4, 2014.  *Id.*

Aponte subsequently received a letter from Ms. Haley dated May 16, 2014, notifying her that she was being removed from the HCVP because she had violated her tenant obligations.  *Id.* at 7.

---

[1] MCHA receives federal funding from the Unites States Department of Housing and Urban Development ("HUD") to administer the HCVP, sometimes referred to as "Section 8," which provides rental subsidies to income eligible individuals and families and allows them to locate available housing in the private rental market.  *See* Defs' Mot. to Dismiss, at 2.

Aponte alleges that the MCHA and Lynda Hayley violated her Fourteenth Amendment due process rights, her rights under the Privileges and Immunities Clause, and her right to equal protection. *Id.* at 8. She also alleges that *Pugh v. Holmes*, 405 A.2d 897 (Pa. 1979), relieves her of the duty to pay her rent.[2] *Id.* at 8-9. She requests that this court restore her eligibility under the MCHA Voucher program so that she can continue to receive assistance for low income housing. *Id.* at 9. Aponte also requests $5,000 from Lynda Hayley for intentional infliction of emotional distress. *Id.*

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. I must accept as true the factual allegations contained in the complaint and all reasonable inferences drawn therefrom and view the facts in the light most favorable to the plaintiff. I find the dismissal of Aponte's complaint is warranted because Aponte fails to substantiate her allegations of violations of her constitutional rights.

Pursuant to 42 U.S.C. § 1983, Aponte must allege a person acting under color of state law engaged in conduct that violated a right protected by the Constitution or laws of the United States. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013). The starting point for evaluating §1983 claims is to "identify the exact contours of the underlying right said to have been violated and to then determine whether the plaintiff has alleged a deprivation of a constitutional right." *Id.* at 166. Aponte has failed to allege any procedural right that was violated and fails to specify any MCHA custom, practice or policy that violated her

---

[2] In *Pugh*, the Pennsylvania Supreme Court held that the implied warranty of habitability may be asserted as a defense when a landlord sues for unpaid rent, thus providing a basis for abatement of the tenant's obligation to pay rent. *Id.* at 907.

constitutional rights.  After receiving notification that her rental assistance under the HCVP had been terminated, Aponte requested an administrative hearing.  A hearing was held on July 8, 2014, where Aponte, her landlord, and Ms. Haley testified.  *See* Defs' Mot. to Dismiss, at Ex. C, D.  On September 2, 2014, Mark W. Voigt, Esquire, Administrative Hearing Officer, ordered that the decision of the MCHA terminating Aponte's participation in the HCVP was affirmed.  *Id.*  Aponte requested an appeal, but then withdrew her request for an appeal on August 12, 2015.  *Id.*

Aponte fails to provide support for a due process claim and fails to assert any claim that alleges that she was treated differently than any other class or individual in violation of the Equal Protection Clause.  She also fails to identify how she is entitled to relief under the Privileges and Immunities Clause and fails to explain why the Pennsylvania state case of *Pugh v. Holmes* provides a constitutional basis for her complaint.  Moreover, the state courts have repeatedly rejected her claims that she was not required to pay rent because she felt the property was uninhabitable.  Because Plaintiff has not alleged diversity of citizenship between the parties, her remaining state tort claim for infliction of emotional distress against Ms. Haley provides no basis for exercising federal jurisdiction in this case.  Consequently, Aponte's claims are dismissed.

An appropriate order follows.